```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
                                                ELECTRONICALLY FILED
------------------------------------------------X  DOC #:_____
                                             :  DATE FILED: 7/10/2019
ORLANDO MARTINEZ,                            :
                              Plaintiff,     :
                                             :     18 Civ. 2954 (LGS)
               -against-                     :
                                             :     OPINION AND ORDER
NEW YORK CITY DEPARTMENT OF                  :
CORRECTION, et al.,                          :
                              Defendants.    :
------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Orlando Martinez brings this action against his employer, the New York City Department of Correction ("DOC"), and his supervisors at DOC, Anthony DiNardo and Daniel Lake. The Complaint alleges race and national origin discrimination and retaliation[1] in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and retaliation in violation of 42 U.S.C. § 1981. Defendants move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not oppose the motion.[2] For the following reasons, Defendants' motion is granted.

---

[1] The Complaint, prepared by counsel, alleges that Plaintiff was subjected "to a hostile work environment, in retaliation for" engaging in protected activity. This is construed as a claim for retaliation.

[2] By Order dated January 4, 2019, Plaintiff was ordered to file (i) a response to Defendant's pre-motion letter by January 10, 2019, and (ii) a memorandum of law in opposition to Defendant's expected motion by March 22, 2019. When Plaintiff failed to oppose the motion, his time to oppose was extended to March 28, 2019. Plaintiff failed to file either a response to Defendant's pre-motion letter or an opposition to this motion.

1

## I. BACKGROUND

The following facts are taken from the Complaint and are assumed to be true only for purposes of the motion to dismiss. *See Cohen v. Rosicki, Rosicki & Assocs.*, 897 F.3d 75, 80 (2d Cir. 2018).

Plaintiff is employed by DOC as a Stationary Engineer. In 2015 and 2016, Plaintiff, who is "of Hispanic race and Puerto Rican nationality," was supervised by DiNardo and Lake, who are both Caucasian men. During this time, DiNardo and Lake repeatedly made racist remarks about Plaintiff and others. On numerous occasions, DiNardo and Lake falsified paperwork and reports, and arranged for people to tamper with the equipment in the building that Plaintiff maintained, so that Plaintiff would be blamed and admonished by supervisors. Plaintiff's work environment made him feel "embarrassed, uncomfortable, isolated, and in fear of being terminated from his position."

In 2016, Plaintiff submitted complaints to DOC's Equal Employment Opportunity Office and the New York State Division of Human Rights, asserting that he had been discriminated against on the basis of race. Plaintiff also filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). As a result of these actions, DOC subjected Plaintiff to a hostile work environment and threatened to terminate Plaintiff's employment. On August 31, 2017, the EEOC issued Plaintiff a right-to-sue letter. Plaintiff filed this action on April 3, 2018.

## II. STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). On a Rule 12(b)(6) motion, "all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor," *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (citation omitted), but "no effect [is given] to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017). When a motion to dismiss is unopposed, a district court "is equipped to make a determination on the merits . . . based on its own reading of the pleading and knowledge of the law." *Goldberg v. Danaher*, 599 F.3d 181, 183–84 (2d Cir. 2010); *accord Masri v. Cruz*, No. 17 Civ. 8356, 2019 WL 2388222, at *2 (S.D.N.Y. June 6, 2019).

## III. DISCUSSION

### A. Title VII Claims

Plaintiff's Title VII claims are dismissed. Generally, a Title VII plaintiff must file an action in federal court within 90 days of receiving a right-to-sue letter from the EEOC. *See Duplan v. City of New York*, 888 F.3d 612, 622 (2d Cir. 2018); 42 U.S.C. § 2000e-5(f)(1) (requiring the EEOC to notify claimants about agency dismissals and providing that claimants may file suit in federal court within 90 days of notification). "There is a presumption that a notice provided by a government agency was mailed on the date shown on the notice . . . [and]

3

received three days after its mailing." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011); *accord Williams v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 1996, 2018 WL 4735713, at *6 (S.D.N.Y. Sept. 29, 2018). This "presumption is not dispositive, however, if a claimant presents . . . admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to [be received]." *Tiberio*, 664 F.3d at 37 (alterations and quotation marks omitted); *accord Leon v. Dep't of Educ.*, No. 15 Civ. 7275, 2017 WL 1157146, at *4 (S.D.N.Y. Mar. 27, 2017).

The Complaint alleges that the EEOC issued Plaintiff's right-to-sue letter on August 31, 2017. Because Plaintiff has not presented any evidence that the letter was mailed later than August 31, 2017, or that it took longer than three days to be received, the Court presumes that Plaintiff received the right-to-sue letter by September 3, 2017. *See Tiberio*, 664 F.3d at 37. Plaintiff did not commence this suit until seven months later, on April 3, 2018, well beyond the ninety-day limitations period.

Plaintiff does not contend that the statute of limitations should be equitably tolled, nor does the Complaint provide any factual basis for equitable tolling. *See Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (equitable tolling is appropriate only "in rare and exceptional circumstances . . . in which a party is prevented in some extraordinary way from exercising his rights" (alterations and citations omitted)); *accord LaFontant v. Neale*, No. 18 Civ. 23, 2019 WL 1953942, at *6 n.4 (S.D.N.Y. May 2, 2019). Plaintiff's Title VII claims are therefore dismissed as untimely.

  B. **Section 1981 Claim**

The retaliation claim against DOC under 42 U.S.C. § 1981 is dismissed. First, "§ 1981 does not provide a . . . private right of action against state actors." *See Duplan*, 888 F.3d at 621.

Second, even if the § 1981 claim were construed as a § 1983 claim, New York City agencies, such as the Department of Correction, are not suable entities; the proper defendant, if any, would be the City of New York. *See* N.Y.C. Admin. Code & Charter Ch. 17 § 396; *Brown v. N.Y.C. Dep't of Correction*, No. 17 Civ. 420, 2017 WL 473874, at *2 (E.D.N.Y. Feb. 3, 2017); *Cuadrado v. N.Y.C. Dep't of Correction*, No. 08 Civ. 3026, 2009 WL 1033268, at *2 (S.D.N.Y. April 16, 2009).

Even construing the claim as a § 1983 claim asserted against the City of New York, the Complaint still does not state a claim because a municipality cannot be held liable "solely because of the discriminatory actions of one of its employees." *Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 128 (2d Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *accord Dole v. Huntington Union Free Sch. Dist.*, 699 Fed. App'x 85, 87 (2d Cir. 2017) (summary order). Rather, a § 1983 plaintiff must show that the "challenged acts were performed pursuant to a municipal policy or custom." *See Duplan*, 888 F.3d at 621 (quoting *Patterson v. Cty. Of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004)). "The plaintiff need not identify an express rule or regulation, but can show that a discriminatory practice of municipal officials was so persistent or widespread as to constitute a custom or usage with the force of law, or that a discriminatory practice of subordinate employees was so manifest as to imply the constructive acquiescence of senior policy-making officials." *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015) (quotation marks omitted).

Here, the Complaint lacks even a "bare allegation" or "any facts suggesting that a City policy or practice caused or contributed to the alleged deprivation of Plaintiff's constitutional rights." *Ezagui v. City of New York*, 726 F. Supp. 2d 275, 284 (S.D.N.Y. 2010); *accord Duplan*, 888 F.3d at 621. Plaintiff's allegations regarding the allegedly discriminatory and retaliatory

5

conduct of two DOC supervisors do not suggest conduct "so widespread, persistent, and manifest" as to constitute a custom or usage or to imply the constructive acquiescence of senior policy-making officials.  *Hu v. City of New York*, No. 18-737, 2019 WL 2454846, at *16 (2d Cir. June 13, 2019); *Littlejohn*, 795 F.3d at 315.  Accordingly, the § 1981 claim -- even if construed as a § 1983 claim asserted against the City of New York -- is dismissed.  *See Littlejohn*, 795 F.3d at 315.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is GRANTED.

The Clerk of Court is respectfully directed to close the motion at Docket No. 39 and close the case.

Dated: July 10, 2019
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**